Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of Buffalo

New York Division

Case No. **22 CV 6141-G**

*(to be filled in by the Clerk's Office)*

RODERICK C. ARRINGTON

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ANDREW C. LOTEMPIO
BETHANY J. LIPMAN
JEREMIAH LENIHAN
"SEE Attached"

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*



UNITED STATES DISTRICT COURT
FILED
MAR 2 3 2022
MARY C. LOEWENGUTH, CLERK
W. DISTRICT C. NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name RODERICK C. ARRINGTON

All other names by which

you have been known: a.Ka RARA

ID Number 64873

Current Institution Cattaraugus County Jail

Address 301 Court Street

Little Valley          N.Y.          14755
City          State          Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name BETHANY J. LIPMAN

Job or Title (if known) UNITED STATES ATTORNEY U.S. DOJ

Shield Number

Employer

Address 1301 New York Avenue, NW. Suite 700

Washington          D.C.          20005
City          State          Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

Name JEREMIAH LENIHAN

Job or Title (if known) UNITED STATES ATTORNEY

Shield Number

Employer

Address 138 Delaware Avenue

Buffalo          N.Y.          14202
City          State          Zip Code

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**
    Name     ERIC KELLER
    Job or Title *(if known)*     Captain at Cattaraugus County Jail
    Shield Number
    Employer
    Address     301 Court Street
         Little Valley    N.Y.    14755
         *City*     *State*     *Zip Code*
    [✓] Individual capacity    [✓] Official capacity

**Defendant No. 4**
    Name     ANDREW C. LOTEMPIO, ESQ
    Job or Title *(if known)*     Trial Attorney
    Shield Number
    Employer
    Address
         Buffalo    N.Y.
         *City*     *State*     *Zip Code*
    [✓] Individual capacity    [✓] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply):*

     [✓] Federal officials (a *Bivens* claim)

     [✓] State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

     The Fourth, Sixth, Thirteenth, and Fourteenth Amendments. 42 U.S.C. Section 1985 (2) and (3)

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

     The Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. 42 U.S.C. Section 1985 (2) and (3).

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

This is a Bivens suit involving civil rights violations from city, and state officials, FBI agents, AUSA's, that involves conspiracy under 42 U.S.C Section 1985 (2) and (3) "see Attached additional pages"

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☑ Other *(explain)*    I am an pro se litigant in my current case.

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The claim happen on September 13, 2017, At the U.S. District Courthouse for the Western district of Buffalo N.Y., The morning of Jury selection, And when the U.S. Court of Appeals over turn the conviction and the Second Circuit remand for a new trial on 11/19/2019. "see Attachments

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

The claim happen on December 22, 2021, at Cattaraugus County Jail, as an pretrial detainee who is proceeding pro se in his current case.    "see Attachments"

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

On September 13, 2017, and on November 19, 2019.
On December 22, 2021.   "see Attachment additional pages"
On January 4, 2022.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Due process clause violation, Malicious prosecution, Vindictive prosecution, illegal search and seizure rights violated By numerous defendants. Witness #1 Daniel P. Klein, Witness #2 Chris Marcinkowski, Witness #3 Mark Brunck Witness #4 Jarrod Adams all (4) four witnesses was present for the claims on December 22, 2021, and January 4, 2022. They witness these violations, "see attachments additional pages marked"

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The first claim Section A., and C., and D. Attachments, involving mental health Problems that have worsen along with pain and suffering, and lost of liberty for eight years, on Top of covid-19 my health been failing waiting for a new trial.

The Second claim Section B., and C., and D. Attachments, also involving mental health problems that have worsen along with pain and suffering, and lost of liberty for eight years. The missing evidence have caused an emotional shock that Now I have to see a mental health counselor here at the Jail, on Top of covid-19, my health is failing.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I need the Judiciary to hold all above responsible for these serious Violations, Retainer fee's, punitive damages for all the money lost on Commissary and phone bills for 8 years, and the lost of freedom from the misconduct, the pain and suffering, and the mental health issues involving the missing evidence. First claim "Relief sought" $5,000,000. (Five million). The Second claim "Relief Sought" Also $5,000,000. (Five million) when I prove my innocents in the current case, I'll be able to have something to come home to for the time that got stolen from me.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.    **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Cattaraugus County Jail.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

At Cattaraugus County Jail

2.    What did you claim in your grievance?

That the Jail Captain, FBI agents, and standby Counsel violated my rights as A pro se litigant, and the search and seizure was illegal and the missing evidence was purposely tooken or lost and requested the return of personal property, and the list of all seized property, to return camera footage, and return missing personal letters and that the protective order did not state this violation.

3.    What was the result, if any?

The names of the FBI agents, and 14 days later I finally had got access to my property and things was missing.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The grievance process is completed and I was denied all the way through and was also denied by the N.Y.S. Commission of Correction. I have all copies from the first Grievance to the end.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

  1.    If there are any reasons why you did not file a grievance, state them here:

  2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Exhibits that was sent with both Grievances
"see attached exhibits"

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      *March 21, 2022.*

| | |
|---|---|
| Signature of Plaintiff | *Roderick Arrington* |
| Printed Name of Plaintiff | *Roderick C. Arrington* |
| Prison Identification # | *64873* |
| Prison Address | *301 Court Street* |
| | *Little Valley*   *N.Y.*   *14755* |
| | City      State      Zip Code |

### B.    For Attorneys

Date of signing:      _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City      State      Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |

#1. The Parties to This Complaint, Section B. The Defendant(s)

The Additional page 2 of 11. of Attachments

Defendant No. 1. Andrew C. LoTempio,Esq.
Defendant No. 2. Wei Xiang,AUSA.
Defendant No. 3. Bethany J. Lipman,AUSA.
Defendant No. 4. Jeremiah Lenihan,AUSA.
Defendant No. 5. Eric Keller,Jail Captain.
Defendant No. 6. Robert C. Singer,Esq. (Individual Capacity)and
                    (Official Capacity)
Defendant No. 7. Jared Fitzgerald,FBI agent.(Individual Capacity)
                    and(Official Capacity)
Defendant No. 8. Rob Colunga,FBI agent. (Individual Capacity)and
                    (Official Capacity)

#2. Basis for Jurisdiction Attachments Section D. page 4 of 11.

This Bivens suit involves civil rights violations from city, and state officials, county officials, U.S. Attorneys, and FBI agents that involves conspiracys under statutes 42 U.S.C. Section 1983, and 42 U.S.C. Section 1985 (2) and (3). Mr. Arrington has no effective means other than the Judiciary to vindicate these rights under the "cause of action" the equal protection color of federal law, and under color of state or local law, has been violated, The Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution.

1. Trial Counsel Mr. Andrew C. LoTempio, and AUSA Wei Xiang committed conspiracy acts together which violated Mr. Arrington's U.S. Constitutional rights. Violations under color of state or local law, and violations under color of federal law, also conspiracy under statutes 42 U.S.C. Section 1983, and 42 U.S.C. Section 1985 (2)and(3), which is brought under the Bivens suit involving Civil right violations.

2. Under this same Bivens suit involves Civil right violations in the same case no. 15-CR-33-A, After the Second Circuit Court of Appeals remand to the district court for a new trial. AUSA's Bethany J. Lipman, Jeremiah Lenihan, FBI agents Jared Fitzgerald and Rob Colunga, and standby counsel Robert Singer,Esq., and the jail Captain Eric Keller, committed conspiracy acts together which violated Mr. Arrington's U.S. Constitutional rights. Violations under color of state or local law, and violations under color of federal law, also conspiracy under statutes 42 U.S.C. Section 1983, and 42 U.S.C. Section 1985 (2)and(3), which is also brought under the Bivens suit involving Civil right violations.

#4. Statement of Claim Attachments the 1st claim Section A.page 4 of 11.    Section C. and Section D. Attachments page 5 of 11.


1. On September 13,2017, Jury selection was held in the U.S. Dis-
trict Court for the Western District of Buffalo, New York, early
that morning (2) two defendants was preparing to pick the jury,
The defendants names are Roderick C. Arrington and Marcel Worthy,
for superseding indictment case no. 15-CR-33-A. The morning befor
ore jury selection started, Marcel Worthy was called out alone
early and was taking into a room where his family was present a
long with his trial counsel Nelson S. Torre, AUSA Wei Xiang, and
Mr. Andrew C. LoTempio. Marcel Worthy decided at the last minute
to take a plea deal with cooperation. Mr. Arrington proceeded to
trial, but was offered on this same day, a plea offer which was
denied. During trial Mr. LoTempio's trial performance was sus-
pected of wrong doings and Mr. Arrington was ignorant to law at
that time and he put his full trust into Mr. LoTempio to prove
Mr. Arrington's innocents, but Mr. LoTempio did the complete
opposite and Mr. Arrington was convicted on September 25,2017, by
a jury (Dkt.No.240).

Almost a month later on October 23,2017, The government's star
witness Marcel Worthy wrote a letter to Aaron Hicks, another co-
defendant on the same case no. 15-CR-33-A, who was severance from
our trial. The letter from the government's star witness Marcel
Worthy states: "The morning before jury selection started, Marcel
Worthy was called out early, and he was taking into this room
where his family was present a long with his trial attorney Nel-
son S. Torre, AUSA Wei Xiang, and Mr. Andrew C. LoTempio. Mr. Wo-
rthy states that Mr. LoTempio conpired with the AUSA Wei Xiang,
when Mr. LoTempio and AUSA Xiang together coerced and scared Mr.
Worthy, by telling him"To think about his kids, and look who he
is left with to go to trial with, and if Mr. Worthy do not take
this deal, they are sure if Mr. LoTempio go to Mr. Arrington with
this deal, Mr. Arrington will take it. You need to think about
this, and if Mr. Worthy do go to trial with Mr. Arrington,"We not
going to win," "and they not going to let us win." Mr. Worthy
also stated in this letter addressed to Aaron Hicks, That this
had him bugging out because all this came from Mr. Arrington's
trial counsel Mr. LoTempio."This letter is an exhibit to support
this claim". This is the government's star witness letter of re-
gret for lying and taking the plea deal because Mr. Arrington's
trial counsel. This also explain's Mr. LoTempio's lack of trial
performance when cross examination of Mr. Worthy, when Mr. Arr-
ington gave Mr. LoTempio the affidavit signed and notarized by
Marcel Worthy himself, was to be admitted on the trial record as
evidence for the defense to impeach this witness Mr. Worthy. Mr.
LoTempio never filed this affidavit on the trial record as the
defense exhibit. When the time came to use it to impeach Mr. Wo-
rthy, Mr. LoTempio walked the affidavit up to the stand with the
affidavit behind his back, which caused a serious reaction from
the jury, when the government took the affidavit from Mr. LoTem-
pio, and filed the affidavit on the trial record as the govern-
ment's exhibit as if Mr. Arrington intimidated Mr. Worthy to

#4. Statement of Claim Attachments the 1st claim Section A.page 4 of 11.    Section C. and Section D. Attachments page 5 of 11.

sign this affidavit."see trial transcripts from Marcel Worthy as an exhibit." The letter from the government's star witness Mr. Marcel Worthy admitted regret, and his guilt for lying and taking the stand because Mr. Arrington's trial counsel Mr. Andrew C. Lo-Tempio, and AUSA Wei Xiang conspired together and coerced and scared Marcel Worthy to take the plea deal, and to take the stand on his own client who paid cash for retainer.

On December 20,2017, (Dkt.No.309) Before the court sentenced Mr. Arrington, Mr. Arrington asked Hon. Judge Richard J. Arcara to be heard on the record and that I had new evidence in the case from the Government's star witness Marcel Worthy, that proves a due process violation the Fifth, Sixth, and Fourteenth Amendments been violated by trial counsel and the AUSA Xiang. Mr. Arrington also stated that he did not have a fair trial, and that the letter from the government's star witness proves this misconduct and that trial counsel Mr. LoTempio conspired with the AUSA Wei Xiang and there were intentional misconduct committed against me,before and during trial. The Hon. Judge Richard J. Arcara stated on the record that Mr. Arrington had perserved the new evidence on the record for an Appeal. On this very same day trial counsel Mr. Andrew C. LoTempio conscience was heavy,and ate at him so bad that he gave Mr. Arrington's mother a $5,000.00 check before the Hon. Judge took the bench. My mother have all receipts as proof because she struggled to pay the last $500.00 for full retainer. On that same day, Mr. Arrington filed a Notice of Appeal.(Dkt.No. 309).

On October 18,2019, Case no. 17-4092-CR U.S. V. Arrington Document 140-1, 2682724, page 1 of 40, The U.S. Court of Appeals for the Second Circuit held that Mr. Arrington's Sixth Amendment rights to effective assistance of counsel was violated by trial attorney Andrew C. LoTempio, including the disadvantages of a trial severance that trial counsel proposed while Mr. Arrington was not present in the Courtroom. The District Court and trial counsel failed to ensure that Mr. Arrington understood the full scope of the consequences arising from his counsel's conflict of interest with Aaron Hicks who had his trial severance from Mr. Arrington. When Aaron Hicks took the stand at his trial, Mr. Hicks testified and exonerated Mr. Arrington on all counts in the superseding indictment.

On November 19,2019, (Dkt.No.523) The Second Circuit issued a mandate vacating Mr. Arrington's convictions and remanding to the District Court for a new trial. On November 22,2019,(Dkt.No.524) Notice of AUSA Joseph M. Tripi appearing for U.S.A.

On December 18,2019, Mr. Arrington sent his family to Mr. LoTempio, for the retainer fee, so Mr. Arrington can retain new counsel. My Family, my mother and my sister had explained to Mr. Lo-

#4. Statement of Claim Attachments the 1st claim Section A.page 4
of 11.    Section C. and Section D. Attachments page 5 of 11.

Tempio that he also violated Mr. Arrington's due process clause
under the Constitution when Mr. LoTempio conspired with AUSA
Wei Xiang to help flip Mr. Worthy against his own client. "see
letter from the government's star witness Marcel Worthy as an
exhibit to support this claim." Mr. LoTempio stated to my family
that he is not returning any retainer fee's, and to file a civil
suit. "see Bar Association of Erie County Grievance Form as an
exhibit to support this claim, also attached with the form is the
letter to confirm that the Bar Association received my grievance
which is dated December 27,2019, also attached is the complaint
under review which is dated January 13,2020, also attached is the
decision from the attorney grievance committee, which is dated
January 31,2020. Also attached as an exhibit to support this cl-
aim, is the retainer agreement.

#4. Statement of Claim Attachedments the 2nd claim Section B.page
4 of 11.  Section C. and Section D. Attachments page 5 of 11.


1. On January 13,2020, The Court appointed Joseph LaTona,Esq. as
new counsel to represent Mr. Arrington for a new trial. Upon this
appointment Mr. Arrington had a meeting here at cattaugus coun-
ty jail with Mr. LaTona, and we discussed the evidence in this
case, and Mr. LaTona, and myself agreed that Mr. LaTona will send
me all the grand jury transcripts of the witnesses that testified
against me at the first trial, and all the evidence and testimony
that was presented to the grand jury. Once Mr. Arrington conduct-
ed a thorough review of the grand jury transcripts for the first
time ever in this case. There were some outrageous misconduct co-
mmitted at this grand jury proceedings in November of 2014 and
January of 2015 when the AUSA Wei Xiang was presenting the evide-
nce to the grand jury. Once Mr. Arrington gathered all the facts,
Mr. Arrington contacted Mr. LaTona to discuss these new evidence
in this case. Mr. LaTona stated to me, to give him a week to rev-
iew the materials, and he will contact me over the phone here at
cattaugus county jail, once Mr. LaTona reviewed everything he
contacted me and asked what did i want him to do, I stated to Mr.
LaTona that I need him to file a Fed.R.Crim.P.6(e)(3)(c)(ii) mo-
tion, because we already had the grand jury transcripts,so we
know what take place, all we have to do is show a strong particu-
ularize need for the court to conduct an in camera review of both
the February 20,2015, and June 19,2015, grand jury proceedings to
see if the grand jury returned a valid superseding indictment on
June 19,2015, because the alleged perjury that was submitted to
the grand jury by the victim Damon Hunter, His testimony was mat-
erial that proved Mr. Arrington was not the shooter at the Novem-
ber 14,2014, grand jury proceedings, also another grand jury wit-
ness testified at this same grand jury proceeding on January of
2015, his name is Jaquan Johnson, he testified that he allegedly
witness this crime taking place, but when this grand jury witness
started naming the people that he allege commit this crime, the
person black he identified as the alleged accomplice in this so
called van with Mr. Arrington alleging that they committed this
crime together was a lie, and the AUSA Xiang knew this was a lie,
because black was in jail when this crime took place, because he
is the rapper in this case and his video's and photo album's was
used as exhibits for this grand jury investigation. There were(2)
two grand jury witnesses that have also identified black as the
rapper in this case. Mr. Grant and Mr. James were the two grand
jury witnesses that identified who black was. The AUSA knew black
was in jail on a parole violation during the time when this crime
took place. When the AUSA caught the lie, he asked his grand jury
witness about when they first met a couple days ago, that he cou-
ld not recognize the others that was alleged with Mr.Arrington,
but today you recall to the grand jury that it was cheese and
black, the AUSA asked Mr. Johnson do he remeber that and Mr. Joh-
nson stated yes he remember and then blurted out that because you
told me who all was there", and that you knew who was all there"
I was only trying to save them" I guess, other people knew that

#4. Statement of claim Attachments the 2nd claim Section B.page
4 of 11.    Section C. and Section D. Attachments page 5 of 11.

they was there. This grand jury witness just blamed the AUSA of
telling him,the grand jury witness of telling him who all was
there. The AUSA did not warn this grand jury witness that he was
under oath, or did this AUSA correct this witness about blaming
the AUSA of telling this witness who all was there. The biggest
question is why would the AUSA tell this grand jury witness that
black was there at this crime when the AUSA know that black was
in jail on a parole violation when this crime took place. This
AUSA Xiang continued to procure this false testimony, and contin-
ued to instigate this known false testimony. The AUSA even let
this same witness testify about another homicide alleging that
Mr. Arrington made the neighborhood unsafe for people. Everythi-
ng is blacked out for about 9 pages while this witness testified
about Mr. Arrington. This AUSA went so far as to let this same
witness testify at Mr. Arrington first trial and his testimony
was material to the jury. Mr. LaTona denied to file this Rule 6
motion to produce, and also stated that he had a case just like
this with AUSA Anthony Bruce, but he will not file this motion,
and I have to do it myself.

On March 27,2020,(Dkt.No.547) Mr. Arrington filed a letter to the
Court for the recusal of Mr. LaTona, and for the permission from
the court to proceed pro se. Before his withdraw off the case,
Mr. LaTona sent a work product sheet with instructions on how to
file this motion to produce. After the recusal letter to the co-
urt, Mr. Arrington sent a letter to the court explaining his con-
cerns about these new evidence in this case, with the outrageous
government misconduct at the grand jury proceeding. Also in this
letter Mr. Arrington stated that he have all the 3500 materials/
grand jury transcripts to support this misconduct. Once this new
revelation was brought to the court's attention, AUSA Joseph M.
Tripi appearing for U.S.A. did not want any involvement, and on
May 13,2020,(Dkt.no.553) Notice of attorney appearance Bethany J.
Lipman appearing for U.S.A. DOJ Washington D.C. Lead trial attor-
ney, and on May 18,2020,(Dkt.no.557) Notice of appearance Jeremi-
ah E. Lenihan appearing for U.S.A., and the removal of AUSA Wei
Xiang.

On February 10,2021,(Dkt.no.587) The Court Found that Mr. Arring-
ton knowingly and voluntarily decided to proceed pro se, and app-
ointed Kevin Spitler to serve as standby counsel. The court then
set an additional time table for pretrial motions, as Mr. Arring-
ton had stated he had new evidence that proves his innocents, and
that he can prove that the AUSA Wei Xiang Committed outrageous
prosecutorial misconduct at the grand jury proceedings back in
January of 2015 and June of 2015. Mr. Arrington also stated that
he is forced to waive his Sixth Amendment right because both app-
ointed counsels will not file the rule 6 motion to produce, beca-
use lawyers dont go against other lawyers.

#4. Statement of claim Attachments the 2nd claim Section B.page 4 of 11. Section C. and Section D. Attachments page 5 of 11.


On July 22,2021,(Dkt.no.628) filed under seal, is all the misconduct thats been committed by standby counsel Mr. Kevin Spitler, in favor of the government. Mr. Spitler got caught on numerous occasion's trying to sabotage Mr. Arrington's motions to produce (Dkt.no.596,608-1), which is the misconduct committed at the grand jury by AUSA Wei Xiang. When the AUSA's Mrs. Lipman and Mr. Lenihan filed their response motion(Dkt.no.602), in response to Mr. Arrington's motion(Dkt.no.596), In the government's motion (Dkt.no.602) on page 9, the government purposely switched records trying to cover up AUSA Wei Xiang misconduct, by using Jaquan Johnson trial transcripts, as if that was what J.J. testified to at the grand jury proceedings on January of 2015, when Mr. Johnson blurted out that the AUSA Xiang,"told him who all was there", "at the crime scene","when the AUSA knew that the person his witness just placed at the scene with Mr. Arrington as an accomplice in the same van, was in prison for a parole violation at the time of this crime." The trial transcripts states something totally different when J.. Johnson was question by law enforcement, this is on the testimony the government is using as if thats what the grand transcripts stated. When Mr. Arrington filed his response motion (Dkt.no.608-1) exposing this by supporting his motion with the trial transcripts, standby counsel Mr. Spitler purposely did not filed those trial transcripts with Mr. Arrington's motion as his exhibits which was attached when Mr. Arrington sent them to Mr. Spitler for him to file it to the court. Once Mr. Arrington caught this misconduct,,Mr. Spitler tried to fix it by filing Mr. Arrington's motion, that was sent via U.S. Postal Certified Mail to cover his tracks from misconduct by appointed counsels, Mr. Arrington had already started collecting pattern of misconduct from Mr. Spitler,so standby tried to file and asked the clerk of the court to assign a docket number to that motion,which was(Dkt. no.610),see entry. That misconduct was the straw that broke the camel's back and Mr. Arrington filed a complaint with the Bar Association of Erie County which Mr. Spitler was sitting on the commitee. This grievance form was filed on July 19,2021, and was also reported to the district court for Mr. Spitler's recusal on July 22,2021,(Dkt.no.628) filed under seal."see grievance form and reports as exhibits to support this claim thats also attached,

On September 28,2021, The court held a status conference to appoint Robert C. Singer,Esq. as standby counsel to assist Mr. Arrington with motion filings only. Mr. Singer came right off the bat, with his own contract already drafted up which was presented on the court's record as we all, meaning, myself, the AUSA's, Mr. Singer, and the court, all agreed upon the restriction that was placed by Mr. Singer himself, which limited Mr. Singer's involvement as standby counsel in Mr. Arrington's case."see Mr. Singer's contract as an exhibit attached to support this claim".

#4. Statement of claim Attachments the 2nd claim Section B.page
4 of 11. Section C. and Section D. Attachments page 5 of 11.

On November 8,2021,(Dkt.nos.658 or 661) Mr. Arrington filed a
speedy trial and due process motion. In the government's respo-
nse motion(Dkt.no.667) on page 24 of 42, states that every turn-
over in this case from appointed counsels, Mr. Arrington created
these delays. When Mr. Arrington filed his response motion(Dkt.no
675-1), Mr. Arrington supported this motion with the(6)six exhib-
its that standby counsel Mr. Spitler purposely did not file to
weaken Mr. Arrington's motion (Dkt.no.608-1), which proves the
government's lies trying to cover up the misconduct by AUSA Wei
Xiang, in their motion(Dkt.no.602) on page 9, when the government
used the trial transcripts of J. Johnson, as if thats what the
grand jury transcripts stated when AUSA Wei Xiang instigated kno-
wn perjury to the grand jury, and when the indictment was supers-
eded (4) four months later, there were no disclosures to this new
impaneled grand jury that fixed the perjury from two grand jury
witnesses. This Misconduct committed by AUSA's Mr. Lenihan and
Mrs. Lipman was done purposely to cover up the misconduct created
by AUSA Wei Xiang. The government used standby counsel Mr.Spitler
to try and sabotage Mr. Arrington's motions(Dkt.no.596,608-1).
Once Mr. Arrington exposed this in his motion(Dkt.no.675-1)filed
on December 21,2021. The malicious intentional vindictive prosec-
ution kicked in full mode by AUSA's Mrs. Lipman and Mr. Lenihan,
the very next day on December 22,2021, The AUSA's sent FBI agents
to the jail without the proper authorization from the Court, to
search and seize all Mr. Arrington's "personal mail,personal pro-
perty,all his legal materials, including the trial evidence that
was for Mr. Arrington's defense. Once everything was seized by
the FBI agents, and captain keller, Mr. Arrington was denied a
inventory sheet for all seized property. Also Mr. Arrington was
denied to be present as a pro se litigant, while they searched
his jail cell, and seized all his personal property,and all his
legal materials. The conspiracy started when the AUSA's called
the FBI agents, and sent them to the jail, While the FBI agents
was on their way to the jail, the AUSA's called the jail captain
keller,and standby counsel Mr. Singer,in which they all conducted
their plan to get me out my cell, to be brought out of sight of
my cell, to be brought to the first floor,to be locked in a cell,
for a phone call by Mr. Singer. On any other day,when Mr. Singer
call this jail,he never request for me to be brought off the pod
to the first floor for a phone call. While on this call, Mr.Sing-
er stated that the AUSA's are on their way,"not the FBI,"to pick
up the 3500 materials/grand jury transcripts, and the trial tran-
scripts, so now i hear Captain Keller's voice, I asked whats go-
ing on while Mr. Singer's are still on the phone, and captain
keller stated real nasty that the "FBI agents had a warrant,"to
search my jail cell, I stated to captain keller that i needed to
see this warrant, and that i have rights to be present as a pro
se litigant, I also stated that i have everything put to the side
which i stated this to Sgt. Phillips who witness this taking pla-
ce. I asked Mr. Singer why did you set me up, I trusted you,the

#4. Statement of claim attachments the 2nd Claim Section B.page
4 of 11. Section C. and Section D. Attachments page 5 of 11.

phone hung up and than Captain Keller delivered the protective
order as if it was the search warrant a hour later. I Stated
that this is not a warrant, and you just violated my rights by
allowing "FBI agents into my cell with out me present, or without
the proper authorization from the courts. I was ignored and deni-
ed to exercise my Constitutional rights as a pro se litigant.

The protective order from the court never authorized the "FBI
agents assistance," "or did the court order state for ""FBI agen-
ts "or for the jail staff to remove" "or to search and seize all"
"Mr. Arrington's personal mail,personal property, and all his
legal materials." After this search and seizure by the "FBI age-
nts," the jail staff and captain keller denied Mr. Arrington for
over (14) fourteen days to review, or to see where this seized
property was taken to or stored at.

The protective order from the court do not state that I can not
have access to these materials,"the jail staff was only to assist
me," "or to monitor me while i review the materials." Mr. Arring-
ton was denied to get certain legal documents that is not stated
in this order. These violations stop Mr. Arrington from filing
motions when the district judge gave Mr. Arrington approval to
file these motions, this misconduct denied Mr. Arrington to have
access to the court, also this misconduct have interfered with
Mr. Arrington' on going case.

The court order did not "state or authorize Mr. Arrington to
surrender this materials to the FBI agents," "or did the court
order state the assistance from FBI agents to enfore this court
order, "or did the order authorize the "FBI agents to have acce-
ss in side the jail, let a lone Mr. Arrington's jail cell. Mr.
Arrington was also denied a inventory sheet for all the seized
personal property, and all legal materials that was not mention-
ed in the court order, I have also asked for the chain of custody
report for all things seized, and i was also denied. Mr. Arring-
ton has no effective means other than the judiciary to vindicate
these rights under the "cause of action" the equal protection
under color of federal law, and under color of state or local
law, which has been violated by all stated in these claims.

On many occasions standby counsel Mr. Singer stated that "I am
not an attorney,"and this is why the government have it out for
me, because I am doing to much. This is why I am being violated
and discriminated against because I am proceeding pro se, and
exposing things that I was never suppose to have access to or
have possession of and this is the reasons why the government is
going so hard to cover up no matter what they have to do along
the way. The jail staff here is being very prejudice against me
because of my race as a "Blackman", I have been treated unfairly,

#4. Statement of claim Attachments the 2nd Claim Section B.page 4 of 11.  Section C. and Section D. Attachmentss page 5 of 11.

Captain Keller left a memo with the jail staff stating;
Everytime Mr. Arrington go to this stored place where his legal
work is stored, I have to be "stripped searched nude, and that I
have to bend over for a cavity search." Mr. Arrington stop going
to this stored place to study because of these humiliating tact-
ics by the government. On another occasion here at the jail, I
was sitting at the table playing chest while other inmates was
unhappy about the issues about the TV's and tablets being taking,
so the other inmates started blocking the gates, so they would
not close, and they put blankets up on the bars to block the cam-
era's. I was written up , and received the most time on double
lock, while the whites and the mexicans received the less time,
and they were the ones blocking the gates and the camera's. I am
seen on the camera's just sitting there playing chest. This took
place on March 14,2020, see exhibit the write up. Another issue
took place at this jail when it was a covid-19 out break,and we
had to go to c-pod for quarantine, I was the only blackman on the
block with (12) cells,(11) whites,when we got to c-pod,its (19)
cells on this pod, out of all of us, i was giving the cell that
was not operable for inmate living standards, the sink was stop-
up flooded with filth and human feces on the toilet, and it was
a workorder in for that cell before this quarantine group got
there, the last group no one was put into that cell. C.O. Craw-
ley put me in that cell knowing it did not work. Right before
we got there, an inmate by the name of Andrew Janquish, who is a
white guy, was brought in last for threatening C.O. Gable, the
inmate had to be maced, and forced out his cell with handcuff's
and was placed on administration segregation in cell (1) one.
Once I brought up the cell conditions to C.O. crawley, who was
running c-pod at the time for both quarantine groups, when i
respectfully asked to get moved to a different cell, which was
(2) two cells open at this time,she denied me, so i started kic-
king the door so the sgt. can come to me for assistance so i can
get moved to a different cell, up under these covid-19 restrict-
ion and i am feeling sick and my mental state was not there. This
was my forth exposure, and i just wanted to lay down. The C.O.
crawley lied on me,and said i threaten her,so the sgt. came to my
cell and told me to pack up to be moved. They took the white guy
off "Ad seg" and he was moved out cell (1) one, and I was placed
on "AD SEG" inside the cell. This happen on December 9,2021.

I have also filed a complaint with Lititia James the Attorney
General, which is complaint # 1-322772832, this complaint was
filed against the jail captain keller, the FBI agents, the AUSA's
Mrs. Lipman and Mr. Lenihan, and standby counsel Mr.Singer for
violating my Constitutional rights, and for them to return all
my missing things the (2) two letters and my one manilla envelope
with other sensitive impeachment materials for my trial defense.

#4. Statement of Claim Attachments the 2nd Claim Section B.page
4 of 11.  Section C. and Section D. Attachments page 5 of 11.


On January 3,2022, standby counsel Mr. Singer called the c-pod u-
nit to speak to Mr. Arrington, when this call took place, standby
counsel Mr. Singer stated that he would be to the jail the follo-
wing day so we can go through my property (14) days later from
the day it was illegally seized. I specifically told Mr. Singer
do not come up here acting as my lawyer, and that we had a contr-
act agreement that he have to abide by. The next day, on January
4,2022, Captain Keller came to C-pod to inform me that someone
was here in a unsecure location in his jail going through my per-
sonal property,and all my legal things. I asked captain keller
respectfully to be present while this person is acting as co-coun-
sel, captain keller denied me to be present,so i told captain
keller to stop this individual acting as my attorney, unless Mr.
keller put this person in a secure location in the jail so i can
be there to sort through my things, I was"Again" denied to be
present so i asked captain keller to stop and i have witnesses,
that witness this on this day, and when the "FBI agents" seized
all my things on December 22,2021. Captain keller denied me on
both occasion when both illegal searches took place. I have filed
Administrative Remedies on December 29,2021, and I filed another
inmate grievance form on January 5,2022, also i have filed a re-
port with the Bar Association of Erie County against Mr. Singer
on January 4,2022, for his breach of his contract when he went
against my consent on January 4,2022, when he denied me to be
present while he went through my personal property, when i de-
manded for him to stop if i was not present. also when he con-
spired against me on December 22,2021, when all above seized
my personal property without the proper authorization from the
court.



**SINGER**
LEGAL PLLC
Compelling. Passionate Advocacy

*Exhibit #1*

ROBERT C. SINGER, ESQ.
rob@singerlegalpllc.com

September 28, 2021

Hon. Richard J. Arcara
United States District Court for the
    Western District of New York
2 Niagara Square
Buffalo, NY 14202

Your Honor:

        Re:    Standby Counsel Assignment
              <u>*USA v. Arrington et al.*, 15-CR-33-3-RJA (W.D.N.Y.)</u>

      I spoke to Mr. Spitler about this matter and reviewed the documents your staff provided to me. I also reviewed my conflicts list and I do not believe there is any conflict to my assignment as standby counsel in this matter. That said, in speaking with Mr. Spitler and Mr. LaTona, I want to ensure (to the extent possible) that my role as standby counsel does not conflict with Mr. Arrington's desire to represent himself. To that end, I have performed some research regarding standby counsel. I believe it is appropriate for you to enact restrictions to my representation and to clearly define my role in this case for the benefit of Mr. Arrington, the government, myself, and the Court.

**General points of law**

      The Sixth Amendment guarantees not only the right to be represented by counsel, but also the right to self-representation. *See Faretta v. California*, 422 U.S. 806, 819 (1975). When a defendant knowingly, intelligently, and voluntarily decides to forego his Sixth Amendment right to counsel, "[t]he *pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 165, 174 (1984). As such, standby counsel's role generally is restrained to some degree for two main reasons. "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded." *See McKaskle*, 465 U.S. at 178. "Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *See id.*

      While the district court has does have discretion to appoint standby counsel, *see McKaskle*, 465 U.S. at 176, a *pro se* defendant does not have a constitutional right to the assistance of standby counsel, *see Faretta*, 422 U.S. at 835; *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998). To this end, the district court has "broad discretion" to enact reasonable restrictions governing "what, if any, assistance

**SINGER LEGAL PLLC**

Exhibit # 1

September 28, 2021
Page 2

standby, or advisory, counsel may provide to a defendant conducting his own defense." *Id.; see also McKee v. Harris,* 649 F.2d 927, 931 (2d Cir. 1981) (noting how further, limitations may be placed on a pro se defendant's ability to invoke the right to counsel "lest the right be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice"), *cert. denied,* 456 U.S. 917 (1982). This is so because as the Supreme Court noted in *McKaskle,* "a defendant does not have a constitutional right to choreograph special appearances by counsel" and *"Faretta* does not require a trial judge to permit 'hybrid representation.'" *McKaskle,* 465 U.S. at 183; *see also Schmidt v. United States,* 105 F.3d 82, 90 (2d Cir. 1997).

When standby counsel is appointed, the Second Circuit has defined the role of standby counsel as follows:

> to 'aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary,' *Faretta,* 422 U.S. at 834 n.46, or 'to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of [her] own clearly indicated goals.' *Wiggins,* 465 U.S. at 184.

*See Clark v. Perez,* 510 F.3d 382, 395 (2d Cir. 2008). The relevant ABA standard governing standby counsel's conduct provides:

> Defense counsel whose duty it is to assist a pro se accused only when the accused requests assistance may bring to the attention of the accused matters beneficial to him or her, but should not actively participate in the conduct of the defense unless requested by the accused or insofar as directed to do so by the court.

ABA Defense Function Standards 4-3.9(2) (3d ed. 1993). Finally, in *United States v. Roof,* No. 15-CR-472-RMG (D. S.C. 2016), a well-known case involving another defendant who chose to proceed pro se, the district judge aptly stated as follows when discussing the role of standby counsel in his case, the court's ability to set limitations on standby counsel, and how it is sound practice to inform all parties regarding the nature of those limitations early:

> The Court has found much wisdom in the following statement of the West Virginia Supreme Court regarding the need of the trial court to set forth specifically the parameters of the role of standby counsel:
>
> "Trial courts can easily remedy the confusion surrounding the differing roles apparently filled by standby counsel by exercising their supervisory powers to specifically define or restrict the duties of standby counsel whenever such counsel is appointed. *See Lawrence,* 161 F.3d at 253 ("[T]he

**SINGER LEGAL PLLC**

Exhibit #1

September 28, 2021
Page 3

> district court, in keeping with its broad supervisory powers, has equally
> broad discretion to guide what, if any, assistance standby, or advisory,
> counsel may provide to a defendant conducting his own defense."
> (citation omitted)). Given the lack of clarity over what, exactly, is the role
> of standby counsel, we find it is of the utmost importance that, when
> appointing standby counsel, trial courts do in fact define, precisely, the
> role counsel is expected to assume. Furthermore, trial courts should
> clearly inform counsel and the defendant of that role. *West Virginia* v.
> *Powers,* 563 S.E.2d 781, 788 (W.Va. 2001)."

*See United States v. Roof,* No 15-CR-472-RMG (D. S.C. 2016) at ECF 741, *aff'd,* No. 17-3 (4th Cir. Aug. 25, 2021).

### Proposed limitations regarding my role as standby counsel

In this case, I offer the following to help the Court and the parties craft what, if any, role I play in the proceedings.

First, I do not believe that I should serve as hybrid counsel. It appears that Mr. Arrington desires to represent himself in this case and make all strategic decisions. Since that is the case and his right, I do not believe that using me in a hybrid role is desirable since it risks interfering with Mr. Arrington's desires and injects needless appellate issues into the record and presents troublesome ethical questions for me to resolve. In talking with relieved counsel, such interference, no matter how well-intentioned, has caused issues in the past.

Second, if I am not appointed to serve in a hybrid role, then I believe the Court can limit my involvement to the following activities:

- Pretrial
  - Electronically filing Mr. Arrington's hand-written motions in CM/ECF so they are served on the court and counsel in the appropriate way, but not to type, proofread, spell-check, cite check, or format his motions and exhibits;
  - Meeting with Mr. Arrington to discuss what his trial defenses and theory of the case will be so I can understand them, but not to provide legal advice or counsel regarding the strength or weakness of those defenses or theories;
  - Providing procedural advice regarding the manner in which to present evidence to assist Mr. Arrington with his attempts to conform with the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the Local Rules of the WDNY;
  - Electronically organize trial exhibits to aid with presentation;
  - Pretrial duties *do not* include performing legal research at the direction of the defendant, preparing voir dire questions or researching the venire, preparing proposed jury instructions, preparing witness/exhibit lists, and drafting motions and/or responses to government motions on behalf of the defendant.

**SINGER LEGAL PLLC**

*Exhibit #1*

September 28, 2021
Page 4

- Trial
  - Sitting at counsel table with the defendant;
  - Providing recommendations on peremptory/cause challenges during voir dire and whether to exercise any *Batson* challenge, but not to conduct voir dire or argue challenges or *Batson* matters;
  - Consult with the defendant before and after court proceedings and during breaks in court proceedings;
  - Providing "elbow advice" directly to defendant during court proceedings *so long as the advice is first solicited by the defendant*;
  - Serving as an intermediary between government counsel and defendant;
  - Facilitating the defendant's receipt of filings and other communications delivered to counsel;
  - Ensuring that defense witnesses are able to access the courthouse at the appropriate time for testimony;
  - Trial duties *do not* include delivering opening statements or summation, conducting direct examination or cross-examination of witnesses, arguing or making objections, briefing or researching objections when written briefing or case law is requested by the court;
  - In the event the defendant chooses to testify, then the Court should decide whether I am to question the defendant or whether he is to testify in narrative form.

- Post-trial (if convicted)
  - Electronically filing Mr. Arrington's hand-written motions and sentencing materials in CM/ECF so they are served on the court and counsel in the appropriate way, but not to type, proofread, spell-check, cite check, or format his motions and exhibits;
  - Attending post-trial motion proceedings and oral argument and sentencing;
  - Attending the Presentence Report interview;
  - Meeting with Mr. Arrington to discuss what his sentencing arguments and evidence will be, but not to provide legal advice or counsel regarding the strength or weakness of those arguments and evidence;
  - Providing procedural advice regarding the manner in which to present evidence to assist Mr. Arrington with his attempts to conform with the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the Local Rules of the WDNY;
  - Electronically organize sentencing exhibits to aid with presentation;
  - Post-trial duties *do not* include performing legal research at the direction of the defendant, preparing Rule 29/33 motions, preparing sentencing letters from family/friends, and drafting motions and/or responses to government motions on behalf of the defendant.

- Appeal
  - Filing Mr. Arrington's notice of appeal on CM/ECF;
  - Standby counsel is required to do nothing more unless specifically appointed to represent Mr. Arrington by the Second Circuit Court of Appeals.

**SINGER LEGAL PLLC**

*Exhibit #1*

September 28, 2021
Page 5

        This list is not exhaustive and it is impossible to think of everything that may come up.  In the event I have a question regarding whether I should perform a duty, then I will endeavor to ask the Court for permission/guidance before proceeding.  I will advise Mr. Arrington to do the same.  However, I believe that making these duties clear at the beginning will ensure that Mr. Arrington's rights are respected and the trial may proceed in the most orderly fashion possible.

        I am happy to conference with the Court and counsel prior to going on the record regarding this letter.  Thank you.

Very truly yours,

Robert C. Singer

Encls

Exhibit #2

New York State Commission of Correction
Inmate Grievance Form
Form SCOC 7032-1 (11/2015)

Sgt.: Higgins
Date/Time: 1/5/22  10:32

Facility: _Cattaraugus County Jail_    Housing Location: _C-Pod cell 2_

Name of Inmate: _Roderick Arrington_    Grievance #: _22-001_

Brief Description of the Grievance *(Submitted by the grievant within 5 days of occurrence)*
Number of Sheets Attached (13) 13

ON 1/4/2022 I was notified by Captain Eric Keller
that somebody acting As co-counsel was here at the Jail in
a unsecure location going through all my legal materials
and all my personal property without a warrant, without me
presence, and without my consent. I have asked Captain Keller

Action requested by the grievant *(Submitted by the grievant within 5 days of occurrence):*
Number of Additional Sheets Attached ( )

I am requesting the Log in sheet on 01/04/2022, that identify this
person that handled my personal property and all my legal material and I
am demanding the return of all missing legal documents which is two letters
and one Manilla envelope, And retain all camera footage on 12/22/2021 and 01/04/2022.

Grievant Signature: _Roderick Arrington_    Date/Time Submitted: _01/05/2022 At 5:23 pm_

Receiving Staff Signature: _Tidd 4331_    Date/Time Received: _1/5/22  1728_

Investigation Completed by: _____    Date Completed: _____

Decision of the Grievance Coordinator
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*    Number of Sheets Attached ( )

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

_____
_____
_____
_____
_____
_____

Signature of the Grievance Coordinator: _____    Date: _____

①

Exhibit #2

To stop this person from going through my legal materials and personal property without me presence and without any warrant. I asked captain Keller to put this person and myself in a secure location so I can be presence while who ever this person is going through my things without me there. I stated to captain Keller, that I am my own Attorney, and I am proceeding in my case pro se, and I am in charge of my own case, so who ever this person is I'm demanding this person to stop, because I talked to standby counsel Mr. Singer on 1/3/2022 and told Mr. Singer to inform me when he is coming to this Jail so we can go through my legal materials and personal property together because the U.S. Attorney's on my case sent FBI agents up to this jail without A warrant and searched and seized all My personal property and all my legal materials, including My whole Trial defense and other sensitive legal documents that proves my innocent's and proves all this misconduct by the AUSAs in this case, along with misconduct from trial Attorney and standby counsel Mr. Spitler, And I told Mr. Singer on the phone Not to come up here to the jail acting As my Counsel, and do not go through my things without My consent or without me being presence. I had explained all this to captain Keller and requested that who ever this person is claiming to be "co-counsel" to "stop", if i can Not be presence Captain Keller told me "NO". I am requesting the

②

Exhibit #2

The log in sheet to identify this person that went through my legal materials and personal property without my consent or my presence there. I was Never shown any Warrant from 12/22/2021, and I was tricked out my cell, to a phone call by standby counsel down stairs on the first floor to receiv a call. I Never had A Attorney call on the first floor in the two years, i been housed in this Jail. I am requesting video footage/camera's to be retained from 12/22/2021 and 1/4/2022. I have some sensiti legal materials and personal letters thats apart of My trial defense thats missing, this materials been seized and this is a violation of my Constitutional rights. The protective order been in place since 11/18/2021, when i first came back from the U.S. Distric Court, officer Blue, was the acting Sgt when i got back to the jail and I had informed officer Blue that the Court made a decision and I had to surrender certain material. He said wait until captain Keller come back, so I waited until I seen Keller, on 2 different occasion's I have tried to hand over this material, which captain Keller refused. The protective order only authorize that I "surrender" this materials, "Mr. Arrington" "Not removal" or "searched or seized". I was allowed for the firs time in 14 days, this two weeks was the first tim I was allowed to check my personal things, my personal property, and all my legal materials, My trial defense been prejudice and somebody stolen all my documents

③                                              Exhibit #2

that was for my trial defense to prove my innocents
and to prove this Misconduct and the personal sensitive
letters to impeach the witnesses in this case. I am
demanding the return of these sensitive legal documents
and an accurate and detailed explanation and the [on why I was not presence.]
chain of custody report. Captain Eric Keller stated
on 12/22/2021, that these FBI Agents had a search warrant,
Everybody had this whole thing planned and this was the reason
standby counsel asked that i be locked in the bullpens to receive
this call on the first floor. While I was out my cell, Captain Keller
and these FBI agents, which is agent Jared Fitzgerald and agent Rob
Colunga, they searched and seized all my property without me being
presence. I was denied the right and I Never received a copy of
this warrant. The protective order signed by the Hon. Richard J. Arcara
U.S. District Court Judge Never authorized any FBI agents to search
and seize, or remove any personal property, or the removal and
searching and seizing of Mr. Arrington's personal property or his whole
legal defense materials. The protective order did not state this Misconduct.
I am, my own attorney, and I have full control over my case. So
who ever this unknown co-counsel is was out of line, because
standby counsel Robert C. Singer, Esq. have a contract, and if that
was him on 1/04/2022, going through my personal property without my
consent, He breached his contract by denying me the right to act
when i demanded to be presence, after i told captain keller to stop
this person from going through my property without me being presence.
Captain denied me this right when i beg him to let me be presence. I have
Attached Robert C. Singer, Esq, contract As an exhibit, also A copy of the protecti
order As an exhibit so you can see what the Judge authorized Me to surrender.

(4) I am requesting a copy of this warrant captain Eric Keller told that the fBI agents had and A copy of the log in sheet to identify who this person was that searched and separated and seized

*2 Exhibit 1

My personal property and all my sensitive legal documents for my trial defense strategy. I am requesting video footage / The c-pod camera footage on 12/22/2021, to be retained until my personal property / legal materials be returned back to me in a timely fashion. Also I am requesting the video footage where this co-counsel was at in this unsecure location while my property was being handled, camera footage on 1/4/2022. To be retained. I also need an accurate and detailed explanation on why I was denied the right to be presence during these searches and seizure of all my personal property and all my legal materials... I have not heard anything from standby counsel Mr. Singer stating that he been up to this Jail or he was coming up here because when i spoke to standby on 1/3/2022, he told me that he was in qurantine because he tested positive for covid-19, and I also stated to standby counsel, do not go through my property without me presence so I need the Log in sheet to confirm who handle my property on 1/4/2022, and denied me the right to be presence AS my own Attorney / pro se... This all came to a head when i filed my response motion (DKT 675, 675-1) on 12/21/2021 exposing the misconduct committed by the U.S. Attorney's on this case, on 12/22/2021 fBI Agents came to this jail with A fake warrant and searched and seized all my personal property and my whole legal defense for trial and Now the documents and materials and the letters i had that proves my innocents is missing. I am requesting that this matter get a thorough investigation and return all missing legal documents and them two letters from Aaron Hicks.



COPY

Exhibit #7

New York State Commission of Correction
Inmate Grievance Form
Form SCOC 7032-1 (11/2015)

Sgt.: *Revd*
Date/Time: 12/29/21 1900

**Facility:** Cattaraugus County

**Name of Inmate:** Roderick Arrington

**Housing Location:** C-Pod

**Grievance #:** 21-128

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)*
Number of Sheets Attached (5)

Cattaraugus County Jail Captain Keller and unidentified FBI agents, on 12/23/2021, violated my constitutional rights when all three above, tricked me out of my cell, to be brought down to the Bullpens on the first floor for an attorney call with standby counsel, while I was out my cell, Captain Keller and the FBI agent's searched and seized all my legal documents from me without presenting a warrant

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*:
Number of Additional Sheets Attached (3)

I am demanding the return of these sensitive legal documents immediatly along with a chain of custody report on the seized documents and an accurate and detailed explaination, including the identities of all involved individuals from this involvement and a copy of the warra

**Grievant Signature:** _____

**Date/Time Submitted:** 12/29/2021

**Receiving Staff Signature:** Mosher 0925

**Date/Time Received:** 12/29/21    ≠ Rec'vd 12/29

**Investigation Completed by:** Higgins

**Date Completed:** 1/3/22    4217L

**Decision of the Grievance Coordinator**
Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination

Number of Sheets Attached ( 1 )

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☒ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

＊ See Attached

**Signature of the Grievance Coordinator:** _____

**Date:** 1/3/22

Exhibit #7

I am a pro SE Attorney, and I am A pretrial detainee preparing for trial. This violation is very prejudicial to my legal defense. They did not limit or adhere to the scope on this so called warrant and seized everything. I have tried to be patienc throughout this violation that have been committed against me in this Jail. I was told I was going to be giving all materials back the next day, and its been over 7days including the weekend. I have been hindered to move forward in my case, with all my legal material's being seized without any warrant The protective order only states grand Jury Transcripts / 3500 materials and the trial Transcrip I was ordered to hand over these materials, in Which I have tried on Numerous occasions I have tried to hand over these material. Which captain Keller refused to take them. I have sent a copy of the protective order as an exhibit Attached.

Thank You

(1)

Case 1:15-cr-00033-RJA-HKS   Document 666   Filed 11/24/21   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                 15-CR-33-A

RODERICK ARRINGTON,

           Defendant.

*Exhibit #7*

## PROTECTIVE ORDER

The Court hereby enters a Protective Order with respect to 3500 material, Giglio/impeachment information, pre-trial submissions, and prior trial transcripts and documents, and the manner in which they will be provided to the defendant, pro se, in preparation for his trial.

NOW, upon consideration thereof, it is hereby

ORDERED, that the government shall be permitted to file its pre-trial memorandum, witness list, and exhibit list under seal such that only the parties and the Court will have access to the government's pre-trial memorandum, witness list, and exhibit list; and it is further

ORDERED, that the government shall provide 3500 material, Giglio/impeachment information, the government's pre-trial memorandum, witness list, and exhibit list, electronically or in hard copy, to staff at the Cattaraugus County Jail for the defendant's use. In addition, standby counsel may provide prior trial transcripts and documents in his



*Exhibit #. 7*

possession to staff at the Jail for the defendant's use. The defendant shall immediately surrender any such materials currently in the defendant's possession to Jail staff upon entry of this order. No one shall make copies, or allow copies of any kind to be made by any person, of any of those materials. No one in the Jail shall read the materials except the defendant and the defendant's standby counsel; and it is further

ORDERED, that the defendant may access those materials only outside the presence of other inmates, either via a computer with no internet connection or printer, or in hard copy. The defendant shall be permitted to take notes and those notes shall be collected at the end of each review session. The defendant shall either be supervised by Jail staff at all times while reviewing those materials, or if left alone for review, he shall be searched prior to returning to his cell or the presence of other inmates; and it is further

ORDERED, that the defendant shall use the 3500 material, Giglio/impeachment information, the government's pre-trial memorandum, witness list, exhibit list, and the prior trial transcripts and documents solely for the purposes of trial preparation (including motions in limine) and trial. The defendant shall not communicate about the contents of those materials with anyone other than his standby counsel; and it is further

ORDERED, that counsel for the government shall endeavor to provide unredacted 3500 material and Giglio/impeachment information for the defendant's use as far in advance of trial as possible. In the event the government determines that the safety and security of a particular witness requires withholding disclosure of that particular witness's 3500 material

*Exhibit #7*

and Giglio/impeachment information, the defendant is permitted to file a motion with the Court for the Court's consideration as to whether or not to compel disclosure of the particular witness's 3500 material and Giglio/impeachment information; and it is further

ORDERED, that the defendant shall return all 3500 material, Giglio/impeachment information, the government's pre-trial memorandum, the government's witness list, the government's protected witness list, the government's exhibit list, and/or the government's protected exhibit list to the government at the close of trial, except for those documents which are received in evidence; and it is further

ORDERED, that before the defendant shall be provided with a copy of this Protective Order prior to delivery of the materials described above; and it is further

ORDERED, that the defendant shall notify the government prior to trial of any materials described above that he may seek to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's standby counsel must redact any personal identifying information in the materials described above, in accordance with Federal Rule of Criminal Procedure 49.1; and it is further

ORDERED, that if the defendant exercises his right to be represented by counsel, rather than representing himself for trial, Jail staff shall immediately return the materials

3

Exhibit #7

described above to the government or to standby counsel and the terms of this Court's prior

Protective Order, (Dkt. 132), shall go into effect; and it is further

ORDERED, that violation of this Protective Order may be deemed contempt of court

pursuant to 18 U.S.C. § 401; and it is further

ORDERED, that this order shall only apply to defendant Roderick Arrington, and

shall not modify or supersede the terms of any protective order entered with respect to

discovery materials provided by the government.

DATED:

Buffalo, New York

November 24, 2021.

HONORABLE RICHARD J. ARCARA
United States District Court

4

2

Grievance # 21-128

Decision of Grievance Coordinator

I have investigated your grievance. On 12/22/21 you were notified by your side counsel that certain legal materials were going to be seized by the FBI and removed from your possession within the jail. Due to the large amount of legal materials the FBI seized all of your paperwork and placed it in a jail administrator's office, out of the reach of inmates and other jail staff. Your co-council stated he would be in the following day to go through your legal documents, separate the items prohibited by the court to be in your housing area and return all other documents. Your co-counsel has failed to appear as of this date.

I accept your request for the identity of people involved with your legal documents. FBI agents Jared Fitzgerald and Rob Colunga searched your cell and collected all written materials. A box with those collected documents were turned over to Captain Keller, the Jail Administrator, and secured in his office. Your side counsel was also involved as he called to inform you as to what was going on.

The orders authorizing the removal of legal materials from your possession were stated in a protective order signed by the Honorable Richard J. Arcara, US District Court Judge. You were given a copy of this.

Your request for the immediate return of legal documents is denied. All legal documents that you are allowed to have in your custody, will be returned to you as soon as your co-counsel is able to go through your documents and take out all prohibited materials.

Sgt. Higgins
Grievance Coordinator



**New York State Commission of Correction**
**Inmate Grievance Form Part II**

\# 21 - 128

<u>NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION</u>

<u>Grievant's Appeal to the Chief Administrative Officer</u>
*Must submit within two business days of receipt of the Grievance Coordinator's written decision*
I have read the above decision of the Grievance Coordinator and
( )     I agree to accept the decision
(✓)     I am appealing to the Chief Administrative Officer

Grievant Signature: *Roderick Arrington*                     Date: 1/03/2022

<u>Decision of the Chief Administrative Officer:</u>                     Number of Sheets Attached  ( )
*Shall be issued within five business days after receipt of appeal and provided to grievant*

☐ **Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)**
☐ **Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l))**
☐ **Grievance Denied on Merits**
☐ **Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)**
☐ **Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)**
☐ **Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l) for the Accepted portion of grievance)**

_____

_____

_____

_____

_____

Signature of the Chief Administrative Officer:_____     Date:_____

Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.

I have read the above decision of the Chief Administrative Officer and
( )     I agree to accept the decision
( )     I am appealing to the Citizen's Policy and Complaint Review Council

Grievant Signature:_____     Date:_____

## Submission to the Citizen's Policy and Complaint Review Council

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY

NOTE:  A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.

I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.

Signature of the Grievance Coordinator:_____     Date:_____

## State Commission of Correction Grievance Report

**Grievance Information**

| | |
|---|---|
| **Grievance Id # :** | 155700 |
| **ORI :** | NY004013C |
| **Agency Name :** | Cattaraugus County Jail |
| **Facility Type :** | County Jail |
| **Reported Date :** | 01/06/2022 |
| **Created Date :** | 01/06/2022 |
| **Created By :** | higginsti1 |

**Grievant**

| | |
|---|---|
| **Name :** | Arrington , Roderick |
| **Sex :** | Male |

**Comments**

higginsti1 : 01/06/2022 09:28 AM : Grievance #21-128

 **COPY**

New York State Commission of Correction
Inmate Grievance Form Part II

# 21 - 128

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION

**Grievant's Appeal to the Chief Administrative Officer**
*Must submit within two business days of receipt of the Grievance Coordinator's written decision*
I have read the above decision of the Grievance Coordinator and
(   )    I agree to accept the decision
( ✓ )    I am appealing to the Chief Administrative Officer

Grievant Signature: _Roderick A. _____    Date: 1/03/2022

**Decision of the Chief Administrative Officer:**    Number of Sheets Attached (   )
*Shall be issued within five business days after receipt of appeal and provided to grievant*

☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)
☐ Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l))
☐ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)
☐ Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)
☒ Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(l) for the Accepted portion of grievance)

The names of the FBI agents that were here were given to you.
I am not required to maintain a chain of custody. You were given
the materials that you were permitted to have. All other materials were
seized through a court order "Protective Order". If I were to violate this
order, I could be held for contempt of court. I am therefor denying the grievance in part.

Signature of the Chief Administrative Officer: _____    Date: 1/5/2022

Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.

I have read the above decision of the Chief Administrative Officer and
(   )    I agree to accept the decision
(   )    I am appealing to the Citizen's Policy and Complaint Review Council

Grievant Signature: _____    Date: _____

## Submission to the Citizen's Policy and Complaint Review Council

NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY

NOTE: A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.

I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.

Signature of the Grievance Coordinator: _____    Date: _____

 **Commission of Correction**

**ALLEN RILEY**
Chairman

**THOMAS J. LOUGHREN**
Commissioner

**YOLANDA CANTY**
Commissioner

February 10. 2022

Sheriff Timothy Whitcomb
Cattaraugus County Sheriff's Office
301 Court Street
Little Valley, New York   14755

Re:  Grievance # 155700 - Facility # 21-128   Grievant Roderick Arrington

Dear Sheriff Whitcomb:

On this date, the Citizen's Policy and Complaint Review Council reviewed the above-referenced grievance and voted to deny the grievance. The Council sustains the action taken by the facility administration.

Sincerely,

Yolanda Canty
Commissioner

cc:    Jail Administrator
       Grievance Coordinator
       Roderick Arrington

Begin

Roderick C. Arrington
301 Court St
Little Valley, N.Y. 14755

No Funds Were Enclosed!

To The Clerk Office of
The U.S. District Court
2 Niagara Square
Buffalo, N.Y. 14202

USDC - WDNY
MAR 2 3 2022
BUFFALO


7020 3160 0001 8634 2623

CERTIFIED MAIL


14202


U.S. POSTAGE PAID
LITTLE VAL
14755
MAR 21, 22
AMOUNT
$9.
R2305M14...