UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODERICK C. ARRINGTON,

        Plaintiff,

  -v-                                    22-CV-6141-FPG

ANDREW C. LOTEMPIO, et al.,                  ORDER

        Defendants.
_____

      *Pro se* Plaintiff Roderick C. Arrington, who was previously incarcerated at the Cattaraugus County Jail ("the Jail"), has submitted a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He is seeking monetary damages related to his 2017 criminal prosecution and conviction in this Court, 1:15-cr-00033. Plaintiff appealed his conviction, and the United States Court of Appeals for the Second Circuit remanded the case for a new trial. *See United States v. Arrington*, 941 F.3d 24 (2d Cir. 2019) (remanding case for new trial based on the district court's failure to obtain Plaintiff's knowing and intelligent waiver of his trial counsel's conflict of interest). A new trial was held before District Judge Richard J. Arcara in September and October 2022, which resulted in a mistrial due to a "deadlocked" jury, *see* 1:15-cr-00033, ECF No. 883. Plaintiff's case was subsequently transferred to Chief Judge Elizabeth A. Wolford, *id*. at 890, and is scheduled for a status conference, *id*. at 927.

      Plaintiff was previously granted leave to proceed *in forma pauperis*, and the Complaint was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A with leave to amend. ECF No. 14 (first screening order). Currently pending before the Court is the Amended Complaint. For the reasons that follow, Plaintiff's illegal search and denial of fair trial claims are dismissed without

1

prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff's previously asserted conditions of confinement and equal protection claims, which have not been repleaded in the Amended Complaint, are dismissed with prejudice under §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2)(B).

#### A. The Amended Complaint

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a [*pro se*] claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings

submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

**B.     Section 1983 and *Bivens* Claims**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens*.  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).  Some of the Defendants are employees of the federal government, and, as such, they are not deemed persons acting under color of state law.  Section 1983 does not create a cause of action against persons who act under color of federal law.  *See* 42 U.S.C. § 1983.  However, the Court construes Plaintiff's claims against the federal Defendants as claims brought under *Bivens*.  *See Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995) (finding that "[a]lthough Tavarez brought the action [against federal officials] under § 1983, the district court properly construed the complaint as an action under *Bivens*").[1]

The relevant procedural background in Plaintiff's criminal case is detailed in the Court's first screening order.  ECF No. at 14 at 4-5.[2]  The Court assumes the parties' familiarity with those facts as well as allegations contained in the original Complaint, which are also detailed in the

---

[1] The Court notes that under the United States Supreme Court's decision in *Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017), there is an initial question herein whether *Bivens* provides an avenue for relief to Plaintiff.  In *Ziglar*, the Court stated that when determining whether to extend an implied right of action under *Bivens* to a "new context," the courts must be hesitant and consider whether there are "special factors counseling hesitation in the absence of affirmative action by Congress."  *Ziglar*, 137 S. Ct. at 1857 (internal quotations and omitted).  This issue is not appropriately decided upon screening of a complaint pursuant to § 1915(e)(2)(B) and without briefing by the parties upon either a motion to dismiss or for summary judgment.  Therefore, for purposes of initial screening only, the Court assumes a remedy under *Bivens* is available to Plaintiff in this action.

[2] In completing the narrative of the original Complaint, the Court took judicial notice of the Second Circuit's decision in *Arrington*, 941 F.3d 24, "to establish its existence" and note "certain factual findings" that are necessary to provide context to the present action.  *Hurd v. Fredenburgh*, 984 F.3d 1075, 1083 (2d Cir. 2021).

Court's first screening order.  ECF No. 14 at 6-8.  Plaintiff's amended allegations, as described below, are substantially similar to the original allegations.

      A.      **Claims against Defendant LoTempio**

In the first screening order, the Court dismissed with leave to amend Plaintiff's claims against his former defense attorneys, Andrew LoTempio and Robert Singer, because Plaintiff failed to allege nonconclusory facts to establish that either attorney has been acting under color of federal law for purposes of a *Bivens* claim.  That is, Plaintiff failed to allege (1) any agreement between his attorneys and the federal prosecutors "to inflict an unconstitutional injury," or (2) any overt act done in furtherance of such an agreement.  *See* ECF No. 14 at 8-9.

In the Amended Complaint, Plaintiff specifically alleges that LoTempio violated his right to a fair trial when he conspired with Assistant United States Attorney ("AUSA") Wei Xiang to play "Good cop Bad cop" on the morning of jury selection for Plaintiff's 2017 trial and "coerced and flipped" Plaintiff's co-defendant, Marcel Worthy, "into a last minute cooperation plea deal."  ECF No. 17 at 12.  The first screening order found that AUSA Xiang was absolutely immune for all actions taken as an exercise of his prosecutorial discretion, including engaging in plea negotiations and entering into plea agreements.  ECF No. 14 at 10-11.

As the Court previously advised Plaintiff, to pursue a claim against Defendant LoTempio, ECF No. 14 at 8-9, he must allege "an agreement" between LoTempio and the federal prosecutor "to act in concert" to deprive Plaintiff of a constitutional right.  *Udechukwu v. City of New York*, 333 F. Supp. 3d 161, 169 (E.D.N.Y. 2018) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).  A claim based on the denial of a fair trial "finds its roots in the Sixth Amendment, as well as the due process clauses of the Fifth and Fourteenth Amendments."  *Bailey v. City of New York*, 79 F. Supp. 3d 424, 445 (E.D.N.Y. 2015) (citing *Holbrook v. Flynn*, 475 U.S. 560, 567

(1986) (recognizing that the Sixth and Fourteenth Amendments secure the constitutional right to a fair trial)). To sustain a fair trial claim, "a plaintiff must demonstrate that '(1) an investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.'" *Case v. City of New York*, 408 F. Supp. 3d 313, 322 (S.D.N.Y. 2019) (quoting *Caravalho v. City of New York*, 732 F. App'x 18, 24 (2d Cir. 2018)).

Here, Plaintiff does not specifically allege that he was denied a fair trial based on the "flip[ing]" of his co-defendant. The Amended Complaint does not allege that Worthy testified falsely against him at trial, *see Soomro v. City of New York*, 174 F. Supp. 3d 806, 815 (S.D.N.Y. 2016) (noting that to meet the elements of a denial of fair trial claim, plaintiff must allege that false or fabricated evidence "that is likely to influence a jury's decision" was distributed to the prosecution), and he was not the only witness to testify that Plaintiff shot the victim, *see Arrington*, 941 F.3d at 35 ("Another witness, Ja'Quan Johnson, testified that Arrington shot [the victim] and that in the days leading up to the shooting, Arrington asked people in the neighborhood about [the victim's] whereabouts."). The Amended Complaint is, further, devoid of non-conclusory allegations that AUSA Xiang entered an agreement or acted in concert with LoTempio to (1) "flip" Worthy or (2) deprive Plaintiff of his right to a fair trial. A pleading that alleges "naked assertions devoid of further factual enhancement" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration and internal quotation marks omitted).

Moreover, even assuming that Plaintiff has adequately alleged a conspiracy with the prosecution for purposes of bringing a *Bivens* claim against his defense attorney, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes claims for damages that

5

(1) necessarily have the effect of challenging a criminal conviction that (2) has not been terminated in a plaintiff's favor.

It has been held that reversal of a conviction and remand for a new trial does not constitute a favorable termination. *See Thomas v. Mason*, No. 1:17-CV-626 (DJS), 2019 WL 6111572, at *2-3 (N.D.N.Y. Nov. 18, 2019) (holding that the reversal of a criminal conviction with a remand for a new trial is not a favorable termination within the meaning of *Heck* and that plaintiff's "fabricated-evidence claim accrued upon his ultimate acquittal, not the reversal of his initial conviction"); *McDonough v. Smith*, 139 S. Ct. 2149, 2161 (2019) (addressing retrial after mistrial and stating that "[t]he statute of limitations for McDonough's § 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor—that is, when he was acquitted at the end of his second trial")); *accord Poventud v. City of New York*, 750 F.3d 121, 131 (2d Cir. 2014) ("Although in some instances a habeas court may terminate a criminal proceeding in the defendant's favor, the reversal of a conviction and remand for a new trial does not constitute such a termination.").

It is well settled that "not every § 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination . . . . A plaintiff need not prove that any conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of his civil action." *Poventud*, 750 F.3d 121 at 132. In this case, Plaintiff asserts a claim for denial of a fair trial, based on his codefendant's cooperation plea deal and as well as the confiscation of his trial materials and fabricated evidence stemming from cell searches (see below). "A section 1983 claim for the denial of a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction." *Bailey*, 79 F. Supp. 3d at 445. "Where a plaintiff's right to a fair trial claim would necessarily impugn the validity of his

6

conviction, 'the complaint must be dismissed unless [he] can demonstrate that the conviction or sentence has already been invalidated.'" *Id*. (quoting *Heck*, 512 U.S. at 487).  The Court finds that Plaintiff's fair trial claim necessarily impugns the validity of his conviction.  Because his criminal case has been remanded for a new trial and is still pending, his fair trial claim has not yet accrued.  It is therefore dismissed without prejudice under *Heck* as to all Defendants in this action.

**B.**     **Jail Cell Search**

Plaintiff alleges that his jail cell was illegally searched by FBI Agents Jared Fitzgerald and Rob Colunga, in an effort to investigate Plaintiff "for uncharged crimes" and at the request of federal prosecutors, Bethany Lipman and Jeremiah Lenihan.  ECF No. 17 at 15.

In the first screening order, ECF No. 14 at 12-13, this Court addressed Plaintiff's claim that his jail cell was searched pursuant to a protective order directing that he "surrender" certain legal material "currently in [his] possession to the Jail staff upon entry of [the protective] order."  ECF No. 1 at 37.  The Court noted that the protective order was issued by United States District Judge Arcara in his criminal case, and he has had the opportunity to address the order, and its enforcement, during his criminal proceedings.  ECF No. 1 at 37; 15-CR-0033-RJA; *see United States v. Arrington*, No. 15-CR-33-A, 2022 WL 3229843, at *3 (W.D.N.Y. Aug. 10, 2022) (denying Arrington's motion to dismiss the superseding indictment based on the same search allegations).  The Court dismissed these claims accordingly.

In the Amended Complaint, Plaintiff appears to reassert this same allegations, ECF No. 17 at 16, and well as new cell search and fabricated evidence claims against Defendant Colunga.  Plaintiff alleges that Special Agent Colunga conducted an "illegal investigatory search" in connection to a "cold case homicide" and created "new evidence" in Plaintiff's pending criminal case by planting Plaintiff's DNA sample on a firearm.  ECF No. 17 at 15.  The Court finds that all

of Plaintiff's illegal search claims are related to his criminal case, he has raised the same challenges in motions filed in that case, and he has received or is awaiting rulings on these challenges. *See Arrington*, 2022 WL 3229843, at *3; 15-cr-00033-EAW, ECF No. 922.

Because Plaintiff is awaiting trial, the appropriate vehicle for alleging violations of his constitutional rights in that case is indeed pretrial motions, not a § 1983 action. Moreover, under the principle set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, the Court must abstain from intervening in Plaintiff's pending criminal proceedings. To the extent that Plaintiff seeks damages as opposed injunctive relief, because his criminal case has not been terminated in his favor, as state above, his claims are barred by *Heck* because they necessarily impugn the validity of his conviction.

### C.     Previously Asserted § 1983 Claims

In the first screening order, the Court dismissed Plaintiff's conditions of confinement and equal protection claims for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. ECF No. 14 at 13-15. Although Plaintiff was granted leave to amend these claims, he did not replead them in the Amended Complaint. The Court deems these claim abandoned, and, consequently, they are now dismissed with prejudice. *See McFadden v. Annucci*, No. 18-CV-6684-FPG, 2021 WL 4942064, at *10 (W.D.N.Y. Oct. 22, 2021) (dismissing claim previously dismissed without prejudice as abandoned).

## CONCLUSION

For the reasons discussed above, Plaintiff's fair trial and illegal search claims are dismissed without prejudice pursuant to the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's remaining claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk of Court is directed to close this case as dismissed.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: January 24, 2023
      Rochester, New York

                         HON. FRANK P. GERACI, JR.
                         United States District Judge
                         Western District of New York